# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL INDICTMENT** |
| **v.** | **NO. 1:09-CR-546-RWS-GGB** |
| **SYLVESTER SINGLETON,** | |
| **Defendant.** | |

## FINAL REPORT AND RECOMMENDATION
## ON SUPERSEDING INDICTMENT

Defendant Sylvester Singleton ("Defendant") is charged in a superseding indictment with two counts of publishing and uttering counterfeit gold certificates and one count of possession of counterfeit gold certificates, in violation of 18 U.S.C. §§ 472. Pending before me are Defendant's Motion in Limine to Exclude Evidence of Other Alleged Crimes, Wrongs or Acts attributed to the Defendant ("404(b) Motion") (Doc. 39) and Motion in Limine to Preclude Government's Presentation of Expert Testimony or in the Alternative for a Daubert hearing ("Expert Witness/Daubert Motion") (Doc. 40).[1]

---

[1]Defendant's Motions to Suppress Statements and other Evidence (Docs. 15 and 16) are pending before the district court judge after my earlier Report and Recommendation (Doc. 27).

AO 72A
(Rev.8/8
2)

The 404(b) Motion seeks to exclude evidence of other alleged crimes, wrongs or acts attributed to the Defendant that may be admissible at trial under F.R.Ev. 404(b). This motion presents evidentiary issues that are generally ruled on by the district judge at trial. Therefore, I DEFER this motion to the district court.

The Expert Witness/Daubert Motion relates to the government's notice to Defendant that it intends to call Tyra S. McConnell to testify as an expert at the trial. Ms. McConnell is a counterfeit specialist with the United States Secret Service and will give her opinion that the purported gold certificates involved in this case are counterfeit. Ms. McConnell has already prepared a report that one of the purported gold certificates that is the subject of this case is counterfeit. (Doc. 41).

At the time Defendant filed this motion, the government had advised Defendant that Ms. McConnell would not review the other eight gold certificates involved in this case until she arrived in Atlanta to testify at trial. Defendant complained that such short notice of Ms. McConnell's opinions would not give him sufficient time to seek an independent review of her opinions and otherwise respond. However, Defendant's concern about insufficient time to respond to the expert reports will soon be resolved. The government has stated that Ms. McConnell is now in the process of writing a report on *all* of the gold certificates involved in this case and that Defendant will have those reports well in advance of trial.

Defendant also requests a <u>Daubert</u> hearing with respect to Ms. McConnell's testimony.  In <u>Daubert v. Merrill Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony.  Rule 702 was amended in response to <u>Daubert</u> to incorporate its requirements and to provide general standards that the trial court must use to assess the reliability and helpfulness of the proffered expert testimony.  <u>See</u> Fed. R. Evid. 702 advisory committee notes (2000).

<u>Daubert</u> hearings are not required before a judge may admit expert testimony. <u>See</u> <u>United States v. Hansen</u> 262 F.3d 1217, 1234 (11th Cir. 2001)("*Daubert* hearings are not required, but may be helpful in 'complicated cases involving multiple expert witnesses.'"); <u>United States v. Majors</u>, 196 F.3d 1206, 1215 (11th Cir. 1999)(finding that the district court did not abuse its discretion when it admitted expert testimony without the benefit of a <u>Daubert</u> hearing); <u>City of Tuscaloosa v. Harcros Chems., Inc.</u>, 158 F.3d 548, 564 n.21 (11th Cir. 1998)(concluding that while complicated cases involving multiple expert witnesses may benefit from a <u>Daubert</u> hearing, such hearings are not required by law or by the procedural rules); 4 Jack B. Weinstein & Margaret A. Berger, <u>Weinstein's Federal Evidence</u> § 702.02[6][a] (Joseph M. McLaughlin ed., 2d ed. 2006)(noting that it is within the trial judge's discretion whether to hold an admissibility hearing).

3

The discovery submitted by the government (Doc. 41; Exhs. 1 and 2) establishes that Ms. McConnell is qualified to give opinions on the authenticity of the purported gold certificates.  Defendant has proffered nothing that calls into question her knowledge about the subject of her testimony or the reliability of her opinion.  Experience alone may provide a sufficient foundation for expert testimony.  See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 156, 119 S.Ct. 1167, 1178 (1999)(stating that "no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience").

In this case – unlike the situation where there is a possibility of questionable science – there would be no point in having a pre-trial Daubert hearing.  See Hansen, 262 F.3d at 1234 ("[a] district court should conduct a Daubert inquiry when the opposing party's motion for a hearing is supported by 'conflicting medical literature and expert testimony'").   Defendant stated at the pre-trial conference that he has no evidence that the gold certificates are genuine.

While it appears that the proposed expert testimony would be helpful to the jury, the helpfulness of the proposed expert testimony is best re-evaluated by the district judge after the district judge has heard the evidence from the lay witnesses and reviewed the documents that form the basis of the government's allegations of fraud.

4

AO 72A
(Rev.8/8
2)

Further, at trial, the district judge will be in the best position to evaluate whether some or all of the government's proposed expert testimony should be excluded under Rule 403, which allows the court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."   Fed. R. Evid. 403.

For these reasons, I **RECOMMEND** that Defendant's Motion in Limine to Preclude Government's Presentation of Expert Testimony or in the Alternative for a Daubert hearing (Doc. 40) be **DENIED** without prejudice to Defendant to move for exclusion at the time of trial.  The 404(b) Motion in Limine (Doc. 39) is **DEFERRED** to the district court.

There are no pending matters before me, and I am aware of no problems relating to the scheduling of this case for trial.  It is therefore **ORDERED AND ADJUDGED** that this action be declared **READY FOR TRIAL**.

It is so **ORDERED** and **RECOMMENDED**, this 2nd day of August, 2010.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)